**UNITED STATES of America**

**v.**

**Kevin Jamal WOODS a/k/a Andrew Palmer**

**Kevin Jamal Woods, Appellant**

**No. 01–3060.**

United States Court of Appeals, Third Circuit.

Argued April 23, 2002.

Filed May 15, 2002.

Robert Epstein, Esq. [Argued], Defender Association of Philadelphia, Philadelphia, PA, Counsel for Appellant.

Dina A. Keever, Esq. [Argued], Office of United States Attorney, Philadelphia, PA, Counsel for Appellee.

Before SCIRICA, RENDELL and NOONAN [*], Circuit Judges.

### OPINION OF THE COURT

RENDELL, Circuit Judge.

On this appeal, Kevin Jamal Woods complains of an enhancement that was made to his offense level that he had objected to, but that was never discussed at his sentencing hearing. At sentencing, the focus of the discussion was on whether his offense in Count I, for the interstate transportation of a stolen vehicle, should be grouped with his offense in Count II, for possession of a firearm by a convicted

---

[*] Honorable John T. Noonan, Jr., Circuit Judge of the United States Court of Appeals for the Ninth Circuit, sitting by designation.

felon. There was no mention of the 4–level enhancement recommended to be added pursuant to 2K2.1(b)(5), at paragraph 23 of the Presentence Report, or the objections thereto filed by Woods (which was, in fact, the only objection lodged in relation to the Presentence Report).

Woods had used a stolen credit card to rent a car in South Carolina, failing to return it. He was apprehended a few months later driving the car in Pennsylvania with a gun under his seat.

The sentencing proceedings appeared to have been somewhat confused by counsels' inability to clearly articulate the impact of the grouping issue, and neither counsels' nor the court's attention was focused on the 4–level enhancement provided for by the guidelines and built into the sentence that was ultimately imposed by the District Court. The enhancement at issue would have added to the offense level for his gun possession count, and provides that "if the defendant used or possessed any firearm or ammunition in connection with another felony offense . . . increase by four levels." 2K2.1(b)(5). Here, Woods contends that he was found with the firearm when he was arrested in Pennsylvania, but there was no proof that it was "used or possessed . . . in connection with any other felony offense."

The District Court made no specific findings in this regard, but did note during the hearing that the Information regarding Woods' gun possession count charged the offense of carrying and possessing the gun in South Carolina. Woods now argues that the "other felony offense" had been completed, and since no proof was adduced as to a felony other than the felony committed in South Carolina, and since the possession relied upon for the enhancement was in Pennsylvania, the enhancement should not apply. The government argues that the interstate transportation of the vehicle is the "other felony offense."

The District Court did not rule on the objection to the Presentence Report, as is required under Rule 32(c)(1) of the Federal Rules of Criminal Procedure perhaps understandably so in light of the failure of counsel to press the issue and the confusing information being provided with respect to the grouping issue. However, as a result, we cannot be certain as to the basis for the sentence ultimately imposed, and whether the District Court considered and was ruling on the enhancement issue.

Accordingly, the District Court should have the opportunity to clarify this matter and to specifically address this issue and rule on it in connection with sentencing. *United States v. Powell*, 269 F.3d 175, 179–80 (3d Cir.2001). To that end, we will REVERSE and REMAND for further proceedings in accordance with this opinion.

Please file the foregoing Not Precedential Opinion.